# United States District Court

## District of Connecticut

2004 AUG 12 P 4: 35
U.S. DISTRICT COURT

James McKinnon        Civil no. 3:02CV2306

VS.                              (WWE)

John LaHDa, ETAL
Thomas Hunt                 August 9, 2004
    Ramsey
    Reill
    Morales
Helen Dorsey
Danielle Carrigan

## Plaintiff Moves for Appointment of Counsel Motion

The plaintiff respectfully seeks The Court To Appointment of Counsel Pro Bono in This case pursuant 28. U.S.C. § 1915(d), And 42 of The United States Code § 1988(1999) And Conn Gen Stat § 52-400 for The following reasons The Court Should Consider Appointment of Counsel.

By: /s/ James Lee McKinnon
James Lee McKinnon pro se

1. The plaintiff James McKinnon who is currently being held at Corrigan Radgowski has been granted the request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915. Were this case civil complaint clearly established defendants acted under color of law and deproved the plaintiff of federal (guarantee) rights. Citing. Berg v. Coonty of Allegheny 219 F.3d 261 (3d Con. 200).

2. The court should consider plaintiff unable to employee counsel pursuant 28 U.S.C. § 1915(d), for requesting counsel representation. citing Bond v. Smith 430 U.S. 817. 97 Sct. 1991 (1977) and Land v. Hutto. 467 F.Supp. 562 (E.D.VA. 1979).

3. The court should consider also appointment of counsel where counsel is able to explain the applicable legal principles to the complainant and limit litigation to potentially meritorious issues. In adition appointment of counsel provides the unlettcneed plaintiff with an opportunity to obtain the repesentation equally qualified with the professional counsel usually provided by the states for the defendants, citing wright v. Dallas County STTeriffs Dept 660 F.2d (1981) Quoting Kinghton v. Walkins 616 F.2d 759 (5th Con. 1980).

By: *James Lee McKinnon*
James Lee McKinnon prose

4. The Court should consider appointing Counsel in this case do to the plaintiff mental Health Statuts which is relevant at all times to this action see (DKT. nos 53.60) citing Hamilton v. Leavy. 117 F.3d 742, 749 (1997).

5. The court should consider appointmen of Counsel in the case were the plaintiff is unable to present the case do to the lacking of legal materials; and

6. Jail house Lawyer Assistance. The plaintiff has no law school education and legal issues are to complex to litigate himself nor does the dept. of Corrections provides adequate law library containing up to date materials for Shepherdicing this case. citing <u>Youger V. Gilmore</u>. you U.S. 15. (1971) which prejudice obstructs the plaintiff position to investigate the crucial facts needed to prove the claims. citing <u>murrell</u> v. Bennett, 615 F.2d 306 311 (1980).

7. <u>Legal Grounds</u>

This motion is filed pursuant to Civil Rights Acts 42 U.S.C. § 1983, 28 U.S.C. § 1915.d, citing <u>Hodge</u> v. <u>Police officers</u> 802 F.2d 58.61 (2d Cir 1986) Cent devied 502 U.S. 986 (1991); <u>Iabrone</u> v. <u>Grace</u> 6 F.3d 145 155; 58 (1993) 43 U.S.C. § 1988 (1994) <u>Bound</u> v. <u>Smith</u> 430 U.S. 817 97 S.CT 1491 (1977)

By: /s/ James Lee McKinnon
James Lee McKinnon prose

And Conn Gen Stat § 52-400c, where exceptional circomstances for appointment Pro-Bono Counsel reasonably demostrted and appropriate for the plaintiff justifying merits in this case Colaroble for the court to grant this motion in appoint Counsel.

Respectfully Submitted
/s/ James Lee McKinnon
James Lee McKinnon Pro, se
Corrigan Radgowski
986, Norwich New London, Tpke
Uncasville Connecticut.
06382

## Certification

I hereby certify that the foregoing motion to be True and to the best of my obility on this 9,Th Day of August 2004

By /s/ James Lee McKinnon
James Lee McKinnon prose





Exhibit J *James McK*
*James Lee McK*

# NOTICE OF MENTAL HEALTH SCORE CHANGE

## GARNER C.I.

INMATE _McKinnon, James_, # _100770_ has been recommended for reclassification by the treatment team from a

M.H. _4_ to _3P_.

Team Member Signature: _____

Psychiatrist Approval: _____

M.H. Supervisor Review: _____ 2/24/03

original:   inmate record
cc:         classification counselor

Instructions:

1. To be completed when Mental Health Classification score is in need of revision (raised or lowered).

2. Signatures shall be obtained in sequence.

3. M.H. Supervisor or designee will submit copy to classification counselor or counselor supervisor for computer entry.

4. Original to be placed in inmate record once all signatures obtained.

1/97
TJB/ht
C:\OFFICE\WPWIN\WPDOCS\MENHLTH\MHSCORCH.WPD