# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### AMENDED
### CIVIL RIGHTS COMPLAINT

James McKinnon

100 770 ,

d
　　　　　　　　　　Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

Civil. no. 302-cv2306
Case No.(WWE) (HBF)

v.

John Lahda
Thomas Hunt
Ramsey
Reill
Morales
Helen Dorsey
Danielle Carrigan

　　　　　　　　　　Defendant(s).
(Full name(s) and capacity, *e.g.*, official capacity, individual capacity,
or official and individual capacitites) (Do not use *et al.*)

## A. PARTIES

1. James McKinnon _____ is a citizen of United States who
　　(Plaintiff)　　　　　　　　　　　　　(State)
presently resides at Corrigan Correctional 986, Norwich New London
　　　　　(mailing address or place of confinement) Uncasville cT, 06382
If plaintiff is incarcerated, provide inmate number: 100 770 .

2. Defendant John Lahda _____ is a citizen of United States
　　(name of first defendant)　　　　　　　　　(State)
whose address is Garner Correctional 50' nunnowauk Road
　　　　　Newtown Connecticut, 06470 ,
and who is employed as Major of Treatment .

4 of 53

(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___✓___ Yes _____ No. If your answer is "Yes," briefly explain:

Defendant is in violation of Plaintiff Due Process right This defendant failure to satisfy the plaintiff minimal due Process rights guaranted under The Fourteenth Amendment

3. Defendant Thomas Hunt _____ is a citizen of United States
     (name of second defendant)                                        (State)

whose address is Garner Correctional So'nunnowauk Road newTown ConnecticuT ,06470

and who is employed as UniT Manager
              (title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___✓___ Yes _____ No. If your answer is "Yes," briefly explain:

Defendant is in violation of Plaintiff Due Process right This defendant failure to satisfy The plaintiff minimal due Process rights guaranted under The Fourteenth Amendment

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

       ___✓___ 42 U.S.C. § 1983 (applies to state prisoners)

       _____ **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

_____

5 of 53

## A. Parties Continue

4. Defendants are citizens of the United States whose address is Garner Correctional 50' Nunnowauk Road newTown Connecticut, 06470

5. AT the Time the claims alleged in the Complaint arose was defendants acting under color of States Law ?' yes plaintiff explains.

6. Defendants is in Violation of PlainTiff Due Process rights The defendants have Failure To SaTisfy The plaintiff minimal due Process rights guaranted under The FourTeenTh Amendment.

Respectfully
PlainTiff
Byx James Mck——
James McKinnon

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. On may 15, 2002 plaintiff was move in segregation without adequate notice and a hearing, A proper hearing would have kept plaintiff out of segregation unit name intensive mental Health unit, However plaintiff show that he suffered injury, such as emotional distress from the absence of proper procedures, a due process violation because contraband Ticket, segregation Time was receved may 15, 2002 and hering came may 28 2002,

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Defendants are to be held Liable evidence shows That They were responsible for plaintiff minimal due process right That defendants failure to satisfy plaintiff due process rights guaranted under The fourteenth Amendment.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

Judge will review The decision of The hearing officer That was may 15, 2002, Then hearing was may 28, 2002, Plaintiff described with evidence from The records of Plaintiff Disciplinary History Current Location was garner Exhibit's page '6' Date April 29, 2002 Contraband Class a disciplinary offense,

<u>Memorandum of Law in Support</u>

**Claim II:** <u>Any evidence is enough</u>, although There must be some. Please see, <u>Zavaro V. Coughlin</u>, 970 F. 2d 1148 (2d Cir. 1992).

I have exhausted available administrative remedies, yes! I explain.

The plaintiff has Appeal To mr. Warder Giovanny Gomez of garner.

The plaintiff has Appeal To The disciplinary major administrative mr, Wayne Sparks.

The plaintiff has Appeal To The Commissioner mr, John J. Armstrong.

The plaintiff has all The evidence in This record That could support a Judge desision.

Is my life in imminent danger of serious physical injury <u>yes</u>

I have ask for protective Custody on a grievance To The Commissioner because The defendant Major John Lahda is after me and, I Know! after The Complaint That's coming To you. Thing are gowing To! he'll have The office's injur me, you'll Know.

Plaintiff
By x _____
James McKinnex

# United States District Court

# District of Connecticut

James McKinnon
    Plaintiff

V.

John Lahda, ETAL.
Thomas Hunt,
Ramsey
Reill
Morales
Helen Dorsey,
Danielle Carrigan.
Defendants

• Civil no. 302cv2306

• (WWE) (HBF)

June     2005

Individual    Capacity

## Affidavit of James McKinnon

I, James McKinnon being Pro,se depose Say That:

I am a inmate of The depatment of Correction, and have been sine 2001.

AT The Time of This incidenTs, I was a inmate aT The Garner CorrecTional InsTiTuTion.

on may 15,2002, I was a inmate aT The Garner CorrecTional InsTiTuTion as a prison.

          PlainTiff
          By x James mck___
          James mcKinnon

14 of 53

# Affidavit of James McKinnon

On wednesday May 15-2002 I James mcKinnon was moved regarding Said To be placement That was from a Lieutenant mr. morris.

I plaintiff. was moved by defendant John Lahda Exhibit  To stop my psychiatrist from The meeting a example of conditions followed The hearing on may 16, 2002, with out my Psychiatrist a Supervisor in garner's medical and Todd Bogdanoff. ph. D. with Psychiatrist mr. Beudoin, ph. D Also nurse Cote.

The meeting was dangerous, I was found guilty for chronic discip. with Two disciplinarys also Exhibit          Exhibit

my mental health Level was '4' To Stop The defendant John Lahda from Sending me out To chronic discipline, I am in a intensive unit on lock down 23, hours a day Exhibit in a cold better cell, no Doe v. Meachum agreement for The plaintiff.

The meeting was dangerous To have plaintiff held in violation of Tremens of chronic discipline, For That I have To been found guilty of Three or more class: A or: B. disciplinarys offensee within The past 180. day's.

Respectfully
By: James mc Ki—
James mc Kinnon

# Affidavit of James McKinnon

Down in The Segregation intensive mental health unit, The Plaintiff ask The counselor miss, Dilworth To give me a copy of my Correctional disciplinary histry paper. because John Lahda was having The meeting may 16,2002 and Trying To make me chronic discipline Status.

At The Time I was Found guilty of one disciplinary Exhibit and I pled guilty To one Exhibit That's Two;

On may 14,2002 my Segregation Time was over and I had a Contraband Ticket for Coffee That I hadnot yet went To The disciplinary borud for. when I receved The histry paper I noticed The Time had allredy started on The Same day I was moved From Segregation may 15,2002 and The 10'day's end may 24,02 Exhibit. Then a disciplinary bord came down To The intensive mental health unit name I-P-M-Two it's The Old Segregation unit.

The Same contraband Ticket From may 28,02 a investigator Reilly and investigator morales and Lieutenat Ramsey The hearing officer Signature is dated may 28,2002; That's not on my disciplinary history paper Exhibit,

Respectfully
Byx James mckin
James mckinnon

## Affidavit of James McKinnon

The advocate Danielle Carrigan also a unit Counselor, when I ask her name she would not tell me, then I ask for my copy of the disciplinary she said she don't have it,

Then they found me guilty of having it in a plastick bag.

By James mck
James McKinnon

## Plaintiff Memorandum of Law Support of Claim For relief under Rule 8.a, Fed.R.Civ.P

Plaintiff Complaint is because a Due Process Violation and a proper hearing would have Kept me out of Segregation, Please see.

Shango V. Jurich 965 F.2d 289, 294-95 (7th Cir 1992) Akbar V. Fairman, 788 F.2d 1273, 1277-78 (7th Cir. 1986) Graham V. Baughmana 772 F.2d 441 447 (8th Cir 1985 Robson V. Young 674 F.Supp 1356, 1371 (W.D.Wis, 1987)

Respectfully
Plaintiff
By James mck
James McKinnon prose

# Affidavit of James McKinnon

## Memorandum of Law in support of

## Claim for relief under Rule 8.a, Fed.R.civ

I Plaintiff James McKinnon suffered injurys such as emotional distress from the absence of proper proceduress, Please see,

Lewis v. Smith 855 F.2d 736, 738 (11th Cir 1988) $500 awarded for emotional distress)

Also please see, King v. Wells 760 F.2d at 94 $1000 in damages for emotional distress up held even though a lawful hearing would have come out the same way.

A short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks.

Compensatiory damages represent the harm caused by the violation of the plaintiff rights. Please see. Soto v. Lord .693 F.Supp 8.22 (S.D.N.Y. 1988)(lost wages included in damages for improper segregation) Adams v. Wolff 624 F.Supp. 1036, 1040 (D. Nev 1985 (same as Soto).

Respectfully
By James McKinnon
James McKinnon

Affidavit of James Mckinnon

Memorandum of Law in Support of

Claim for relief under Rule 8, a, Fed. R. Civ. P

Plaintiff also include physical pain and injury psychological damage including the personal humiliation and mental anguish, and because the injuries to the quality of Plaintiff life like placement in segregation the deprivation of privileges Please see. Walters v. Crosshent 990 F.2d 381, 385 (8Th Cir. 1993) damage award was properly based on a careful assessment of the loss of privileges "resulting from this improper retention in a restrictide classification status). Howard v. Adkison, 887 F.2d 134, 139 (8Th Cir. 1989) (compensatory damages were proper for filthy cell conditions There was no formal evidence of actual damage, but such harm can be inferred from the circumstances as well as established by the Testimony. Also please see. Brooks v. Andoling, 826 F.2d 1266 1269-70 (3d Cir. 1987) (loss of privileges in segregation constituted actual injury for which more than nominal damages should have been awarded) UsTrak v. Parman, 781 F.2d 573, 578-79 (7Th Cir. 1986) (in case involving unlawful Transfer, evidence of how much nicer the other prison was differences in cell daily inddents of violence could support a damage award).

Plaintiff

James McK

James Mckinnon Pro se.

## Certification

I Plaintiff James McKinnon prose
Certify Though This attachment This
claim To be True and To The best of my
obility on This _____ Day of June
2005,

Defendants  Individual  Capacity

John Lahda. ETAL
Thomas Hunt
Ramsey
Reill
Morales
Helen Dorsey
Danielle Carrigan

Respectfully
Plaintiff
Byx James McK_____
James McKinnon prose
Corrigan Corrigtonal
986 Norwich Newlondon
Uncasville Connecticut
 06382

Memorandum of Law in Support of Plaintiff Civil Rights Complaint ARE Exhibit's To Describe Conduct The Prisoner Accused Defendants of Due Process violation's

Because in prison it is all Too easy For a Fact Finder simply To assume That officers are always Telling The truth and inmates are always lying, and To issue rubber stamp decisions on That basis without giving each Case serious and individualized attion, Please see, The Supreme Court has acknowleded That credibility judgments in prison disciplinary hearings are often between inmate's and The committees co-workers and That They Thus are under obvious pressure To resolve a disciplinary dispute in favor of The institution and Their fellow employee, IT is The old situational problem of The relation-ship between The Keeper and The Kept, a relation-ship That hardly is conducive To a Truly adjudic-atory performance, Cleavinger V. Saxner, 474 U.S. 193, 204, 106 S.CT. 496 (1985). Also please see, Greene V. Secretary of Public Safety and Corr-ectional Services 68 Md. App. 147, 510 A.2d 613 619 (md. App. 1986) Court is disturbed by a com-mittee member's negative response To The question Is an inmate ever right?

Respectfully
By: James mck—
James mckinnon prose

21

Plaintiff Civil Rights Complaint Describe Defendants Due Process violation Exhibits

1. Plaintiff has record for days of events desired in Complaint Exhibit, A;

2. Plaintiff has Disciplinary Report with Process Summary Report That plaintiff pled guilty To The investigator, Sanctions 7, Day's Punitive Segregation (Exhibit B1) (Exhibit B2)

3. Plaintiff has Disciplinary Process Summary Report found guilty by investigator Sanctions 10, Day's Punitive Segregation (Exhibit C-3)

4. Plaintiff has Restrictive housing unit status order with record of Punitive Segregation Time Also (Exhibit D-4)

5. Plaintiff Disciplinary Report Exhibit E-5) Process Summary of Hearing date may 28, 2002 Exhibit E-6) Hearing officer Signature of date may 28, 2002 Exhibit E-7) Restrictive Housing unit status That has Someone first name of Francis Exhibit E-8) Plaintiff interview with advocate Exhibit E9) Plaintiff Sales receipt To advocate Exhibit 10

Respectfully
Plaintiff
By: James McKinnon
James McKinnon
Corrigan Correctional
986, Norwich New London
Uncasville Connecticut
06382

## Plaintiff Civil Rights Complaint Describe Defendants Due Process violation Exhibits

6. Plaintiff has copy of Correctional discplinary histry paper or record, Exhibit F-11 Exhibit F-12; At the time I pled guilty of one disciplinary, Then I was found guilty by defendants.

7. Then on may 14, 2002 my Segregation Time was over for insult Lang, That contraband Ticket for coffee time started on The sameday I was moved To intensive mental Health unit may 15, 2002 That's 10 day's and end may 24, 2002 Exhibit F12)

Respectfully
Plaintiff
By× James McKinn
James McKinnon prose

Plaintiff Civil Rights Complaint Describe Defendant's Due Process Violation Exhibits

8. Plaintiff request To be at Classification meeting That was dangerous because I was found guilty of chronic discipline with Two disciplinarys Exhibit G-13

9. Plaintiff has mental health advisement record for Special management unit a Restrictive housing unit Exhibit H-14. Also a due process violation because on unit Handbook has plaintiff move May 15, 2002 with my inmate Signature

10. Plaintiff has date 9,27,2002 my mental Health Level was Three in mental Health Segregation plaintiff came out The program February 5, 2003

Respectfully
By x James m---
James McKinnon

24

Exhibit ① James McKinnon



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### WARD A. GARNER CORRECTIONAL INSTITUTION
**50 NUNNAWAUK ROAD / POST OFFICE BOX 5500**
NEWTOWN, CONNECTICUT 06470-5500

**Warden Giovanny Gomez**

Thursday, 13 June, 2002

Inmate James McKinnon#100770
Garner Correctional Institution
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT 06470

Inmate McKinnon,

I have reviewed your Disciplinary Report Appeal for Contraband, Class B, I find that the adjudication was just.

The facts in the case were appropriately tried by the Hearing Officer, which included listening to and deliberating your defense to the charge.

The Hearing Officer's finding was, thus, reasonable based on the information and evidence presented. I, therefore, find no reason to reverse or modify the Hearing Officer's decision.

The finding and disposition are affirmed.

This type of behavior or any misconduct is unacceptable and affects the orderly operations of this Department.

Sincerely,

Giovanny Gomez, Warden

CC:    Disciplinary Officer

9 oPS3



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

John J. Armstrong
Commissioner

Telephone: 860-692-7481
Fax: 860-692-7483

*July 11, 2002*

*James McKinnon #100770*
*Garner Correctional Institution*
*50 Nunnawauk Road*
*Newtown, Connecticut 06470*

*Dear Mr. McKinnon:*

*This letter is in response to your correspondence dated July 1, 2002 concerning loss of mail privileges and a transfer request.*

*You have lost the privilege of social correspondence due to the Disciplinary Reports you have received over the past two (2) months for Disobeying a Direct Order, Contraband Class B, Assault, and Insulting Language or Behavior. You are clearly disobeying the facility rules at the Garner Correctional Institution and this behavior will not be tolerated. The onus is on you to comply with the rules established within this agency. As such, I strongly recommend you remain disciplinary free in the future so you may receive privileges deemed appropriate for expected behavior within the Department of Correction.*

*All incoming and outgoing privileged correspondence will be delivered regardless of penalties imposed by the Disciplinary Hearing Officer.*

*All transfer requests must be submitted to your Unit Counselor. The Population Management Unit will review your request and make a final decision based on a myriad of factors to include the following: bed availability, classification scores, needs of the individual, and the safety and security needs of the department. By copy of this letter, Warden Gomez will review your safety concerns. If you feel your safety is in jeopardy, it is your responsibility to notify a Supervisor or staff member immediately.*

*If you have further questions, please utilize the chain of command established at the facility level before writing outside of the facility.*

*Sincerely,*

*John J. Armstrong*
*Commissioner*

*JJA/jab*

*cc:   Giovanny Gomez, Warden*
*David Guarino, Counselor Supervisor*
*File*



# STATE OF CONNECTICUT

### *DEPARTMENT OF CORRECTION*
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

John J. Armstrong
Commissioner

Telephone: 860-692-7481
Fax: 860-692-7483

*March 7, 2003*

*James McKinnon #100770*
*Garner Correctional Institution*
*50 Nunnawauk Road*
*Newtown, Connecticut 06470*

*Dear Mr. McKinnon:*

*This letter is in response to your correspondence dated February 3, 2003 regarding numerous Disciplinary Reports you have received and subsequent sanctions.*

*This issue has been addressed by numerous staff members at the Garner Correctional Institution.    Issues regarding the disciplinary process may be appealed to the Unit Administrator utilizing the procedure stated in Administrative Directive 9.5, Code of Penal Discipline.*

*If you need assistance or paperwork to submit your appeal, you may contact your Unit Manager.*

*Sincerely,*

*John J. Armstrong*
*Commissioner*

*JJA/jab*

*cc:    Giovanny Gomez, Warden*
*David Guarino, Counselor Supervisor*
*File*

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday ASSAULT |
|---|---|---|---|---|---|---|
| 04-28-02 ① | 04-29-02 ② | 04-30-02 ③ | 05-1-02 ④ | 05-2-02 ⑤ | 05-3-02 ⑥ | 05-4-02 ⑦ |
| 05-5-02 ④ | 05-6-02 ② | 05-7-02 ③ | 05-8-02 ④ | 05-9-02 ⑤ | 05-10-02 ⑥ | 05-11-02 ⑦ |
| 05-12-02 ⑧ INSULT LANG | 05-13-02 ② | 05-14-02 ⑩ | 05-15-02 ④ | 05-16-02 ⑤ | 05-17-02 ⑥ | 05-18-02 ⑱ |
| 05-19-02 ⑮ | 05-20-02 ⑯ | 05-21-02 ⑰ | 05-22-02 ⑱ | 05-23-02 ⑲ | 05-24-02 contraband 04-29-02 reprimand/re ⑳ | 05-25-02 ④ |
| 05-26-02 ⑯ | 05-27-02 05-28-02 10 days on 05-15 the disciplinary board came on This same 04-29-02 contraband Ticket-D20 4128 and found me guilty. Failure to provide me due process. The hearing was | | 05-29-02 ⑰ | 05-30-02 ⑱ | 05-31-02 ⑲ | |

Exhibit

[signature]

25



# Inmate Request Form
### Connecticut Department of Correction

CN 9602
Rev. 9/3/02

Inmate Name

Inmate no.

Facility

Housing unit

Date

Submitted to

Request

(continue on back if necessary)

Previous Action Taken

(continue on back if necessary)

Acted on by (print name)

Title

Action Taken and/or Response

(continue on back if necessary)

Staff Member Signature

Date